No. **A-CV-09-89**
# Supreme Court of the Navajo Nation

---

### In the Matter of J. Tonny Bowman
### Navajo Nation, et al., Plaintiffs,
### v.
### Peter MacDonald Sr., et al., Defendants.
### Decided April 6, 1989

---

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Per curiam.

This is a contempt proceeding arising out of willful and intentional misconduct by a member of the Navajo Nation Bar Association.

## I

1.     On March 24, 1989, this Court issued an alternative writ of prohibition *sua sponte* to Mr. J. Tonny Bowman ordering Mr. Bowman to desist and refrain from acting as a purported judge of the Navajo Nation. The alternative writ was served on Mr. Bowman.

2.     Mr. Bowman was further ordered to refrain from interfering with the work of any court of the Navajo Nation, any judge of the Navajo Nation, or staff of any court of the Navajo Nation.

3.     Mr. Bowman was ordered to show cause on March 28, 1989, as to why the alternative writ should not be made permanent.

4.     Despite the orders in the alternative writ, and on March 24, 1989, Mr. Bowman interfered with the operation of the Window Rock District Court, intimidated court staff of the Window Rock District Court, stated that he was the new Window Rock District Court judge and proceeded to hold a sham hearing in the case of *Navajo Nation v. MacDonald*, WR-CV-99-89.

5.     Following this sham hearing, Mr. Bowman entered a purported judgment dismissing the action in *Navajo Nation v. MacDonald*, WR-CV-99-89.

6.     On March 27, 1989, this Court ordered Mr. Bowman to show cause on April 3, 1989, as to why he should not be held in contempt of this Court for disobeying the alternative writ of prohibition.

7.     Mr. Bowman failed to appear at his scheduled March 28, 1989 show cause hearing on why the alternative writ of prohibition should nat be made permanent.

8.     On March 28, 1989, this Court issued a permanent writ of prohibition to Mr. Bowman. The permanent writ found that Mr. Bowman had absolutely no

authority under Navajo law to act as a judge of the Navajo Nation. Mr. Bowman's purported appointment by Advisory Committee I and by Chairman Peter MacDonald Sr. was declared illegal and held to be null and void.

9.     The permanent writ of prohibition ordered Mr. Bowman not to take any action that purports to be those of a judge exercising judicial authority and Mr. Bowman was further ordered not to interfere with the work of any court of the Navajo Nation, any judge of the Navajo Nation, or staff of any court of the Navajo Nation.

10.     Despite being properly served with the notice of contempt hearing, Mr. Bowman refused to appear, stating in a letter through Mr. Nelson J. McCabe that this Court had no authority to make him appear at an illegally set hearing.

11.     Despite being properly served with the permanent writ of prohibition, Mr. Bowman continued to act as a purported judge of the Window Rock District Court. On April 4, 1989, Mr. Bowman issued another order purporting to remove certain non-Indian attorneys from the Navajo Reservation. The order purports to find these attorneys "misadvising, misbehaving and not conducting themselves in a professional manner." The order purports to be from the Window Rock District Court and is signed by Mr. Bowman. The order further purports to bar these attorneys from giving legal advice to their clients and generally barring these attorneys from practicing law within the Navajo Nation.

## II

The Navajo Nation Supreme Court has ultimate authority to grant or deny a person the privilege to practice law within the Navajo Nation. Courts have inherent authority to regulate attorney practice within their jurisdictions and the Navajo courts are no exception. *In re Practice of law in Navajo Courts*, 4 Nav. R. 75 (1983); *In re Practice of Battles*, 3 Nav. R. 92, 96 (1982).

The Navajo Nation Bar Association (NNBA), pursuant to delegated power, will usually review complaints against bar members. *In re Practice of Law in Navajo Courts*, 4 Nav. R. 75. However, if gross misconduct occurs in proceedings before this Court, or when the bar member participates in a scheme to interfere with the operation or proceeding of any court of the Navajo Nation, this Court will immediately discipline the attorney. Even Navajo court rules provide for discipline by this Court:

> The Supreme Court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested by the offending counsel, take any appropriate action (including . . . disbarment) against any attorney or advocate . . . for conduct unbecoming a member of the bar, or for failure to comply with any order of the Supreme Court.

Rule 30, NRCAP. Mr. Bowman's case is a prime example of when this Court must use its disciplinary power without deferring to the NNBA.

NNBA members are held to very high standards of professional conduct. This

Court has held that "the advocates and counselors practicing before the Navajo Courts are held to the same high standards of professional conduct required of lawyers under the court decisions and the rules of conduct of the American Bar Association." *In re Daniel Deschinny in Contempt of Court*, 1 Nav. R. 66, 67 (1972); *See also*, *In re Contempt of Sells*, 5 Nav. R. 37, 39 (1985). Mr. Bowman, as a member of the NNBA, is held to the standards of professional conduct set forth by the American Bar Association.

By pretending to be a district judge, holding a sham hearing, intimidating court personnel, interfering with court operations and issuing illegal and invalid orders, and disobeying this Court's orders, Mr. Bowman has violated Canon One of the Rules of Professional Responsibility. That rule directs a lawyer to assist in maintaining the integrity and competence of the legal profession. Specifically, Mr. Bowman violated this disciplinary rule:

> DR-1-102 Misconduct.
>   (A) A lawyer shall not:
>     (1) Violate a Disciplinary Rule.
>     (2) Circumvent a Disciplinary Rule through actions of another.
>     (3) Engage in illegal conduct involving moral turpitude.
>     (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
>     (5) Engage in conduct prejudicial to the administration of justice.
>     (6) Engage in any conduct that adversely reflects on his fitness to practice law.

Mr. Bowman has also violated Canon Eight which directs Mr. Bowman to "assist in improving the legal system." Specifically, Mr. Bowman violated this disciplinary rule:

> DR-8-102 Statements concerning Judges and other Adjudicatory Officers.
>   ....
>   (B) A lawyer shall not knowingly make false accusations against a judge or other judicial officers.

Mr. Bowman made a statement through Mr. Nelson J. McCabe in a letter that this Court had no authority to preside over his contempt hearing and the justices of this Court were engaged in setting illegal hearings. Mr. Bowman further intimidated Window Rock District Court staff by stating that he was the new district judge, and not Judge Robert Yazzie, and he expected their cooperation.

Mr. Bowman directly violated Canon Nine which directs him to "avoid even the appearance of professional impropriety." Specifically, Mr. Bowman violated the disciplinary rule which states:

> DR-9-101 Avoiding Even the Appearance of Impropriety.
>   ....
>   (C) A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official.

Mr. Bowman engaged in conduct showing examples of extreme impropriety. Mr. Bowman held himself out as a judge of the district court when he was not. Mr. Bowman took over the district judge's chair and held a sham hearing which resulted in a purported judgment favoring the parties who purported to appoint him to the bench. Mr. Bowman clearly stated through his conduct that he is able to influence the outcome of the proceedings in the Window Rock District Court.

It is appropriate here to remind every member of the NNBA of their duty as set forth in Ethical Consideration 9-6, American Bar Association Code of Professional Responsibility.

> Every lawyer owes a solemn duty to uphold the integrity and honor of his profession; to encourage respect for the law and for the courts and judges thereof; to observe the Code of Professional Responsibility; to act as a member of a learned profession, one dedicated to public service; to cooperate with his brother lawyers in supporting the organized bar through the devoting of his time, efforts, and financial support as his professional standing and ability reasonably permit; to conduct himself so as to reflect credit on the legal profession and to inspire the confidence, respect, and trust of his clients and of the public; and to strive to avoid not only professional impropriety but also the appearance of impropriety.

## III

Mr. J. Tonny Bowman's activities are prime examples of conduct unbecoming a member of the Navajo Nation Bar Association. For these reasons it is the order of this Court that Mr. J. Tonny Bowman is permanently disbarred from the Navajo Nation Bar Association effective this date. The Navajo Nation Bar Association is directed to notify the members of the Bar and the district courts of this Court's order.